UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYLER ROBERT SCOTT,

    Plaintiff,

v.                                      Case No. 3:22cv22212-LC-HTC

ARAMARK,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, an inmate at Okaloosa Correctional Institution proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging price gouging by Aramark at the prison constituted excessive taxation and violated Florida State Constitutional Article 7. ECF Doc. 1. Upon screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds Plaintiff cannot state a claim for which relief can be granted. Because the undersigned finds that any attempt to amend would be futile under the facts alleged by Plaintiff, the undersigned respectfully recommends this case be dismissed for failure to state a claim.

I.    **BACKGROUND**

Plaintiff alleges that Aramark, which runs the commissary at his prison, has been price gouging for over a year by, for example, charging 71 cents for one (1)

soup or $17 for a case as other institutions' prices have not changed. He contends prices at private camps and women's institutions have been adjusted, but not his institution, which "is a clear form of extortion of inmates in [the Department of Corrections]." ECF Doc. 1 at 5-6. He claims these high prices from a private corporation are becoming overwhelming for families to support their loved ones while in prison and that he has spent "so much money on Ramen Noodles and other over-priced items" and seeks to have "these issues to be remedied."[1] *Id.* at 6. In his Statement of Claims he lists simply: "Price gouging," "excessive taxation," "FSC Arti[cle] 7 Finance and Taxation." *Id.* at 7. For Relief Requested, he states, "I would like my money back from excessive sales and taxes." *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the Court has an obligation to review a prisoner's complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff states that he and other inmates need the issues remedied. However, Plaintiff cannot enforce the rights of other inmates. *Ferguson v. Thomas*, 2016 WL 3774126, at *4 (N.D. Ala. June 20, 2016), *report and recommendation adopted*, 2016 WL 3753230 (N.D. Ala. July 14, 2016) (citing *McGowan v. Maryland*, 366 U.S. 420, 429 (1961) ("[A] litigant may only assert his own constitutional rights or immunities.")).

Dismissals under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure. The Court accepts all well pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court reads Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of federal law or the Constitution; and (2) that the alleged violation was committed by a person acting under the color of state law.[2] *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (per curiam). Courts across the country, including in this circuit, however, have consistently held that claims regarding canteen prices simply do not rise to a level of a constitutional violation. *See e.g., Ferguson*, 2016 WL

---

[2] Because the conduct complained of by Plaintiff does not rise to the level of a constitutional violation, the Court does not address whether Plaintiff has sufficiently alleged that Aramark is a state actor. *See Ellison v. Broadus*, 2009 WL 837717, at *4 (S.D. Miss. March 26, 2009) (finding Plaintiff failed to set forth facts from which it may be drawn that Aramark is a state actor or acted jointly with a state actor and also finding "no legal basis to demand that inmates be offered items to be purchased at or near cost").

Case No. 3:22cv22212-LC-HTC

3774126, at *11 (collecting cases). The "Constitution does not guarantee fair prices at the commissary." *Munson v. Wilcher*, 2019 WL 2339264, at *3 (S.D. Ga. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2339268 (S.D. Ga. May 31, 2019) (quoting *Black v. Donald*, 2006 WL 3535404, *2 (M.D. Ga. Dec. 7, 2006)). There is no constitutional violation even if the prices are excessive because a prisoner is not entitled to any particular price. *See Pagan v. Westchester Cnty.*, 2014 WL 982876, at *17 (S.D.N.Y. Mar. 12, 2014) ("Even if the prices in the Commissary are high, such 'gouging' does not constitute a constitutional violation."); *Montgomery v. Mancusco*, 2013 WL 4590436 (W.D. La. Aug. 23, 2013) ("The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible"); *McKnight v. Taylor*, 2012 WL 5880331 (D.N.J. Nov. 20, 2012) ("Prisoners have no federal constitutional right to purchase items from the jail commissary at any particular price, or to restrain the vendor from charging exorbitant prices"); *Boyd v. Nowack*, 2010 WL 892995, *4 (E.D. La. March 11, 2010) ("[A]s to the contention that the commissary prices are too high, inmates do not have a constitutional right to purchase commissary items at low prices"). In fact, a prisoner has no constitutional right to the use of a prison commissary. *See e.g., Mitchell v. City of New York,* 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011) ("there is no constitutional right to access a prison commissary"); *Davis v. Shaw,* 08 Civ.

364(NRB), 2009 WL 1490609, at *1 (S.D.N.Y. May 20, 2009) (because a prisoner does not have a constitutional right to use of the prison commissary, any complaints regarding prices and selection do not make out a constitutional violation).

Therefore, Plaintiff fails to state a claim under § 1983 based on the federal constitution or other federal law.

Plaintiff's claim that price gouging constitutes excessive taxation fares no better as courts have also rejected such claims. *Boyd v. Lasher*, 2010 WL 444778, at *2 (E.D. La. Feb. 8, 2010) (inmate's claims of being overcharged for commissary purchases and taxed without representation fail to state a claim of violation of constitutional rights cognizable under § 1983); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally-protected interest in purchasing goods available through the prison commissary, let alone a protected interest in not paying the tax associated with making purchases; such a claim is "patently absurd").

Since Plaintiff has not stated a claim under § 1983, which is his only basis for federal jurisdiction, the Court need not address Plaintiff's allegation that prices at the commissary violate Article 7 of the Florida Constitution. District courts have supplemental jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A.

§ 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C.A. § 1367(c). When deciding whether to exercise supplemental jurisdiction over a state-law claim, a district court should consider, among other factors, "judicial economy, convenience, fairness and comity." *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1288 (11th Cir. 2002) (noting "the argument for dismissing state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial"). Considering the nature of Plaintiff's state-law claims and the stage at which his federal claims have been dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV.  CONCLUSION

Because it is well settled that claims concerning canteen prices do not rise to the level of a constitutional violation, Plaintiff's claims should be dismissed without an opportunity to amend.

Accordingly, it is respectfully RECOMMENDED that:

1. Plaintiff's complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of January, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.